UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GERALDINE MANN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:20 CV 1332 CDP |
| | ) |
| ARTUR EXPRESS, INC. | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Plaintiff Geraldine Mann brings this complaint under Title VII of the Civil Rights Act of 1964 against defendant Artur Express, Inc., a transportation company, asserting that she was unlawfully discriminated against when a less-qualified male applicant was hired instead of her for a truck driver position. Although plaintiff failed to file her lawsuit within the appropriate 90-day deadline following the issuance of the EEOC Notice of Right to Sue letter, I conclude that the doctrine of equitable tolling is applicable under the circumstances, and so I will deny defendant's motion to dismiss plaintiff's complaint on timeliness grounds.

## Background

Plaintiff alleges that she filed an application for employment with defendant on or around March 1, 2019, and that she was informed that she was not being hired on March 7, 2019. Shortly thereafter, she discovered that a less-qualified

male applicant had been selected for the position instead of her.  Plaintiff believes that defendant's decision to hire the less-qualified male applicant was unlawfully motivated by her gender.

On May 20, 2019, plaintiff filed a charge of discrimination against defendant with the U.S. Equal Employment Opportunity Commission (EEOC) and Missouri Commission on Human Rights (MCHR).  On March 4, 2020, the EEOC issued plaintiff a Notice of Right to Sue letter, imposing a 90-day statute of limitations for plaintiff to file a civil action against defendant.  42 U.S.C. § 2000e-5(f)(1).  Plaintiff did not file her initial complaint until July 9, 2020, which is thirty-seven days after her deadline had passed.

Plaintiff claims that neither she nor her counsel received the EEOC Notice of Right to Sue letter, and that she consequently was unaware that the 90-day statute of limitations had started to run.  On June 22, 2020, after communication between the EEOC and plaintiff's counsel, the EEOC issued plaintiff another letter confirming that plaintiff was issued a Notice of Right to Sue on March 4, 2020, that their records did not reflect whether she had received the document, and that the EEOC could not re-issue a right to sue once it had been issued.[1]  Plaintiff accordingly contends that her statutory period began on June 22, 2020, when she

---

[1] The June 22, 2020 EEOC letter is attached to and directly referenced in plaintiff's first amended complaint, and so I may consider it in assessing defendant's motion to dismiss. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir. 1986).

2

first received actual notice of her right to sue, and that her complaint was timely filed within 90 days of that date; alternatively, plaintiff requests that the Court apply the doctrine of equitable tolling to excuse her failure to meet the filing deadline and allow her claim to proceed.

## Analysis

Title VII plaintiffs must file suit within 90 days of receipt of the EEOC Notice of Right to Sue. 42 U.S.C. § 2000e-5(f)(l). The Supreme Court and Eighth Circuit employ a rebuttable presumption "that a claimant receives correspondence from an agency three days after it was mailed." *Euell v. Potter*, No. 4:06-CV-1154 CAS, 2007 WL 1704934, at *3 n.2 (E.D. Mo. June 12, 2007). "[T]he presumption of receipt can be rebutted with testimony or other admissible evidence from which it could be reasonably inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach the intended recipient." *Mauller v. Heartland Auto. Servs., Inc.*, No. 4:17-CV-02219 JAR, 2019 WL 691658, at *2 (E.D. Mo. Feb. 19, 2019) (citation and internal quotation omitted).

Title VII's time limitations are not a jurisdictional prerequisite to suit, and are thus subject to equitable tolling. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95 (1990); *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989). However, "[a]s a general rule, equitable tolling is a remedy reserved for

3

circumstances that are 'truly beyond the control of the plaintiff.'" *Shempert v. Harwich Chem. Corp.*, 151 F.3d 793, 797-98 (8th Cir. 1998) (quoting *Hill*, 869 F.2d at 1124).

Plaintiff has alleged in her first amended complaint that she did not receive the Right to Sue letter after its issuance on March 4, 2020 through no fault of her own, and that she therefore did not have notice of her statutory filing deadline until June 22, 2020. Accepting plaintiff's factual allegations as true, as I must at this stage in the proceedings, and in light of plaintiff's assertions in her response to defendant's motion, I conclude that the application of equitable tolling is warranted at this time. Defendant does not move to dismiss for any other reasons, and so I will deny defendant's motion and allow plaintiff's claim to proceed.

That notwithstanding, I note that plaintiff has not offered any testimony or other admissible evidence to rebut the presumption that she received the EEOC Right to Sue letter three days after it was issued.[2] While the allegations in her complaint are sufficient to survive dismissal on the pleadings, they may not be sufficient to avoid summary judgment on the timeliness issue after further

---

[2] Plaintiff vaguely alludes to postal delays and federal agency closures necessitated by the COVID-19 pandemic as possible explanations for why she did not receive the Right to Sue letter, although defendant correctly points out that the postal service continued throughout the pandemic, and the EEOC did not temporarily suspend issuance of right to sue letters until March 21, 2020. *See* U.S. Equal Employment Opportunity Commission, *EEOC Continues to Serve the Public During COVID-19 Crisis*, http://eeoc.gov/newsroom/eeoc-continues-serve-public-during-covid-19-crisis.

discovery. *Accord Mauller*, 2019 WL 691658, at *4 (applying presumption of receipt and granting summary judgment for defendant on Title VII claim after previously denying defendant's motion to dismiss on same timeliness grounds).

Accordingly,

**IT IS HEREBY ORDERED** that defendant Artur Express, Inc.'s Motion to Dismiss [ECF 17] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant's Motion to Dismiss [ECF 10] is **DENIED** as moot.

This matter will be set for a Rule 16 scheduling conference by further order of the Court.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 1st day of April, 2021.